UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HAYES ABE JOHNSON, JR.,

        Plaintiff,

        v.                                         Case No. 23-cv-0865-bhl

LT. LANNOYE,
W. DONEY,
M. LISNEY,
H. UTTER,
C. BAIER,
D. RADTKE, and
DEPUTY WARDEN HAESE,

        Defendants.

---

# SCREENING ORDER

---

Plaintiff Hayes Abe Johnson, Jr., who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Johnson's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

Johnson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Johnson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint and has been assessed and paid an

initial partial filing fee of $5.88. Johnson's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Johnson explains that he suffers from chronic headaches and severe back pain from a slipped disc in his lower back. He states that in 2021, he lost the use of his legs and feet and could not walk. He received months of treatment and therapy. According to Johnson, Dr. Brett Malo scheduled him for surgery on his spine. Johnson asserts that the surgery was set for October 2022. In July 2022, Johnson was in his cell waiting for his medication when he noticed a bat fly by. He states that another inmate told him that someone had propped the side door open. He states that, later that day, the bat flew into his cell and went down his shirt. Johnson explains that he could feel the bat scratching and biting him. According to Johnson, he was able to get the bat out of his shirt, but it then went up his right pant leg. Johnson asserts that he was eventually able to trap the bat with his ice picker. Dkt. No. 1 at 2-3.

In the following weeks, Johnson received vaccine shots for rabies. He states that he experienced side effects from the shots. Johnson asserts that his back surgery was cancelled because of the bat attack. He states that he continues to be in pain and that he has been denied his medication for his chronic headaches and back pain. Dkt. No. 1 at 4

## THE COURT'S ANALYSIS

Johnson names seven Defendants in the caption of his complaint, but the body of his complaint includes no allegations about what each Defendant allegedly did or did not do to violate his rights. Section 1983 requires that an individual be personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). This means

3

Case 2:23-cv-00865-BHL   Filed 09/13/23   Page 3 of 6   Document 13

that a plaintiff must include allegations that connect the person he is suing to the alleged misconduct. *Id*. Because Johnson's complaint fails to do this, the complaint fails to state a claim upon which relief can be granted against any of the Defendants named.

The Court will allow Johnson to file an amended complaint to cure this deficiency, but as he prepares his amended complaint, he should keep in mind that "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (citations omitted). While a bat entering Johnson's cell was undoubtedly scary for him, it appears from the complaint that the incident was nothing more than an unfortunate mishap. The Supreme Court long ago explained that "deliberate indifference entails something more than mere negligence." *Id.* And the unconstitutional conduct must be tied to a specific defendant.

If Johnson wants to proceed with this lawsuit, he will need to file an amended complaint by **October 9, 2023**. Johnson should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) who he complained to about his headaches and back pain; (2) how they responded (or did not respond) to his complaints; (3) when those interactions happened; and 4) what relief he would like the Court to provide. Johnson should set forth his allegations in short and plain statements, and he should ensure that his amended complaint can be understood by someone who is not familiar with the facts of his case.

Johnson is advised that an amended complaint will replace the original complaint, so it must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). If Johnson files an amended complaint, the Court will screen it as required by 28 U.S.C. §1915A. If Johnson does

not file an amended complaint, the Court will dismiss this case based on Johnson's failure to state a claim in his original complaint.

**IT IS THEREFORE ORDERED** that Johnson's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **October 9, 2023**, Johnson may file an amended complaint curing the deficiencies in the original complaint as described in this decision. If Johnson decides not to file an amended complaint, the Court will dismiss this action based on his failure to state a claim in his original complaint.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Johnson a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Johnson shall collect from his institution trust account the $344.12 balance of the filing fee by collecting monthly payments from Johnson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Johnson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Johnson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Johnson is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will

scan and e-mail documents to the Court.  The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.  Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS.  It will only delay the processing of the matter.

Johnson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.  In addition, the parties must notify the Clerk of Court of any change of address.  Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on September 13, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge