UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

HAYES ABE JOHNSON, JR.,

        Plaintiff,

        v.                                                 Case No. 23-cv-0865-bhl

LT. LANNOYE,
W. DONEY,
M. LISNEY,
H. UTTER,
C. BAIER,
D. RADTKE, and
DEPUTY WARDEN HAESE,

        Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Hayes Abe Johnson, Jr., who is currently serving a state prison sentence at Green Bay Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On September 13, 2023, the Court screened the complaint and allowed Johnson to file an amended complaint, which he did on October 10, 2023. The Court will screen the amended complaint, as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a

complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

## ALLEGATIONS OF THE AMENDED COMPLAINT

Johnson alleges that when he was transferred from Oshkosh Correctional Institution to Green Bay in 2019, he was denied all the accommodations he had been given for his lower back pain, including a lower bunk restriction, a lower tier restriction, and a back brace. According to Johnson, Unit Manager Tiller (who is not a Defendant), Lt. Lannoye, and Sgt. Hower (who is not a Defendant) informed him that the Green Bay health services unit had to approve his accommodations. Johnson asserts that he started requesting accommodations in 2019, but the special needs committee, which included Defendants Health Services Manager H. Utter and Nurse Supervisor C. Baier, denied his requests. Johnson asserts that his requests continued to be denied for years. At some point, his back pain became so bad that he allegedly developed chronic headaches from climbing the stairs. He states he was given ibuprofen by a nurse, but that only made his liver condition worse and caused more health problems. Dkt. No. 14 at 2-3.

Johnson further alleges that in 2021 while getting his medication, his legs gave out. He states that he could not walk up or down the stairs, and CO Lannoye and his brother Sgt. Lannoye would not give him any help, including denying his request to use a wheelchair to go to health services. Johnson asserts that he had to use a walker to get to the health services unit, and when

he returned to his housing unit, Sgt. Lannoye and Hower tried to get him to walk up the stairs. Dkt. No. 14 at 4.

Although not clear, it appears that Johnson wrote about his pain to doctors (who are not Defendants) but was told by nurses that pain services was pending scheduling. Johnson also asserts that in September 2021, he was scheduled for spine surgery, but it appears that the surgery has yet to occur. The amended complaint is not clear about why the surgery has been delayed or who is responsible for the delay. Dkt. No. 14 at 4.

Finally, Johnson alleges that on July 6, 2022, a bat attacked him in his cell. Lannoye took Johnson to health services for treatment. Johnson explains that he learned two maintenance workers had left the side door open. He asserts that no one told him there was a bat in the building. Dkt. No. 14 at 4.

## THE COURT'S ANALYSIS

Johnson appears to assert that Defendants violated the Eighth Amendment by showing deliberate indifference to his severe back pain. The Court uses a two-part test to evaluate whether medical care amounts to cruel and unusual punishment; it asks: 1) whether a plaintiff suffered from an objectively serious medical condition and 2) whether the individual defendant was deliberately indifferent to that condition. *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)). Johnson adequately states deliberate indifference claims against Utter and Baier based on allegations that they repeatedly denied his requests for accommodations such as a lower-bunk and lower-tier restriction. He also states a deliberate indifference claim against the Lannoye brothers[1]

---

[1] Johnson names Lt. Lannoye in the caption of his amended complaint, but he references CO Lannoye and his brother Sgt. Lannoye in the body of his amended complaint. It is possible one of the Lannoye brothers has been promoted to the rank of lieutenant. In any event, the Court will direct the clerk's office to add a second Lannoye to the caption.

based on allegations that they both refused to help him after his legs gave out and he was unable to walk.

Johnson does not, however, state claims against W. Doney, M. Linsey, D. Radtke, or deputy Warden Haese. Although they are named in the caption of his amended complaint, the body of the amended complaint includes no allegations about what they allegedly did or did not do to violate his rights. Section 1983 requires that an individual be personally involved in the alleged constitutional violation. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017). This means that a plaintiff must include allegations that connect the person he is suing to the alleged misconduct. *Id*. Because Johnson's amended complaint fails to do this with regard to these Defendants, Johnson fails to state a claim against them.

Johnson also fails to state a claim in connection with his assertion that a bat flew into his cell through a propped open door. As the Court explained in the original screening order, "Eighth Amendment liability requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (citations omitted). While a bat entering Johnson's cell was undoubtedly scary for him, it appears that the incident was nothing more than an unfortunate mishap as there are no allegations that anyone had reason to believe a bat would enter through the open door. The Supreme Court long ago explained that "deliberate indifference entails something more than mere negligence." *Id.*

One final note, Fed. R. Civ. P. 8(a)(3) requires complaints to include "a demand for the relief sought." In the blank on the amended complaint form where plaintiffs are to detail the relief they want, Johnson wrote, "Put my lawsuit in a bank unit I got." Dkt. No. 14 at 5. In the jurisdiction section of the form, Johnson indicated he is suing for a violation of federal law, but he also noted that the amount of money at stake in this case is $1,000. Acknowledging that Johnson

4

is not a lawyer and has limited litigation experience, the Court understands that Johnson is demanding relief of $1,000, which he would like deposited into his bank account should he prevail. If the Court's understanding is incorrect, Johnson may supplement his amended complaint with a revised demand for relief. If the Court's understanding is correct, Johnson does not have to take any further action.

**IT IS THEREFORE ORDERED** that W. Doney, M. Lisney, D. Radtke, and Deputy Warden Haese are **DISMISSED** from this action because Johnson fails to state a claim against them. The clerk's office is directed to add a second Lannoy to the caption as a Defendant.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Johnson's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on H. Utter, C. Baier, Lt. Lannoye, and Lannoye.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, H. Utter, C. Baier, Lt. Lannoye, and Lannoye shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

Dated at Milwaukee, Wisconsin on November 3, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge