UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

HAYES ABE JOHNSON, JR.,

      Plaintiff,

v.              Case No. 23-cv-0865-bhl

JOSEPH LANNOYE, et al.,

      Defendants.

---

## DECISION AND ORDER

---

  Plaintiff Hayes Abe Johnson, Jr., who is incarcerated at Racine Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On March 4, 2024, Defendants filed a motion for summary judgment on the ground that Johnson failed to exhaust the available administrative remedies before he initiated this lawsuit. Dkt. No. 24. For the reasons explained below, the Court will grant the motion and dismiss this case.

### PRELIMINARY MATTERS

  Pursuant to the local rules, along with a motion for summary judgment, the moving party must file either a statement of material facts to which the parties have stipulated or a statement of proposed material facts as to which the moving party contends there is no material issue and that entitle it to judgment as a matter of law. Civil L. R. 56(b)(1). The rules provide that the statement of proposed facts should consist of numbered paragraphs containing short factual statements with specific references to affidavits, declarations, parts of the record, and other supporting materials. Civil L. R. 56(b)(1)(C). Consistent with these requirements, Defendants submitted proposed findings of fact in support of their summary judgment motion.

The rules require a party opposing a summary judgment motion to file a response to the moving party's proposed facts to make clear to the Court which, if any, of the proposed facts are in dispute. The opposing party must respond to *each* paragraph. Civil L. R. 56(b)(2)(B). Any uncontroverted fact is deemed admitted for the purpose of deciding summary judgment. Civil L. R. 56(b)(4).

To ensure that pro se parties are aware of their response obligations, the local rules further require a party moving for summary judgment in a case involving an unrepresented opponent to send the unrepresented party, along with their motion, a copy of Federal Rule of Civil Procedure 56, Civil Local Rule 7, and Civil Local Rule 56. Defendants complied with this requirement. *See* Dkt. No. 24. The Court also takes steps to ensure pro se parties have notice of the local rules. Accordingly, a couple days after Defendants moved for summary judgment, the Court entered an order informing Johnson that he was required to "respond to each of the proposed findings of fact by agreeing with each fact or explaining why he disagrees with a particular proposed fact." The Court warned Johnson that if he did "not indicate one way or the other, the Court w[ould] assume that he does not dispute the proposed fact and w[ould] accept the fact as true." Dkt. No. 29.

Johnson filed a response to Defendants' motion, but he did not respond to Defendants' proposed facts. Accordingly, as Johnson was repeatedly warned, Defendants' proposed facts are deemed admitted for the purposes of deciding summary judgment. *See Phoneprasith v. Greff*, Case No. 21-3069, 2022 WL 1819043, at *2 (7th Cir. June 3, 2022) (holding that a district court is entitled to deem unopposed facts admitted under Civil L. R. 56(b)(4) regardless of a non-movant's detailed opposition brief, affidavit, and exhibits); *Robinson v. Waterman*, 1 F.4th 480, 483 (7th Cir. 2021) (same).

With these considerations in mind, the Court turns to the substance of Defendants' summary judgment motion.

**BACKGROUND**

At the relevant time, Johnson was housed at Green Bay Correctional. He is proceeding on claims that, since 2019, Defendants Cassandra Baier and Hannah Utter repeatedly denied his request for low-bunk and low-tier restrictions. He is also proceeding on claims that, in 2021, Defendants John Lannoye and Joseph Lannoye refused to help him when his legs gave out and he was unable to walk. Dkt. No. 15.

Prior to commencing this lawsuit, Johnson filed three inmate complaints about his medical care. The first, filed on February 28, 2020, involved complaints of being denied food and medication while being housed in segregation. The second, filed on July 6, 2020, involved complaints of having no emergency call button in his cell. And the third, filed on August 10, 2020, also involved complaints about not having an emergency call button in his cell despite having health problems. None of the inmate complaints involved assertions about not receiving a low-tier and low-bunk restriction or about not receiving help when his legs gave out. Dkt. Nos. 28-2, 28-3, and 28-4.

**LEGAL STANDARD**

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials

3

that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Johnson was a prisoner when he filed his complaint, provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must pursue their complaints through "all levels of the relevant administrative-review system." *Chambers v. Sood*, 956 F.3d 979, 981 (7th Cir. 2020).

To exhaust the administrative remedies available to Wisconsin inmates, an inmate must file a complaint with the institution complaint examiner within fourteen calendar days after the occurrence giving rise to the complaint. *See* Wis. Admin. Code § DOC 310.07(2). The inmate complaint must "clearly identify the issue" or otherwise alert the prison "to the nature of the wrong for which redress is sought." *McDaniel v. Meisner*, 617 F. App'x 553, 557, 2015 WL 3407413 (7th Cir. 2015) (citations omitted). If an inmate receives an adverse decision at the institution

4

level, the inmate may timely appeal that decision to the Office of the Corrections Complaint Examiner, which ultimately results in a decision by the Office of the Secretary. *See* Wis. Admin. Code § DOC 310.12. In a case reviewed on the merits, the inmate must exhaust the complaint and appeal process through the Office of the Secretary level. *See* Wis. Admin. Code § DOC 310.13.

Johnson does not dispute that he did not file an inmate complaint about the denial of low-tier and low-bunk restrictions or about not receiving help when his legs gave out. Instead, he asserts that he fully exhausted an inmate complaint about a bat attack. But there are no allegations of a bat attack in this case,[1] and exhausting an inmate complaint on that issue would not have provided the institution with notice of the claims at issue in this case. Johnson also asserts that he was transferred to a different institution and that made it difficult for him to gather relevant information. But the online inmate locator for Wisconsin inmates shows that Johnson was transferred from Green Bay Correctional to Dodge Correctional on February 21, 2024, years after the events at issue in this case. Accordingly, Johnson's transfer to a different institution had no impact on his ability to exhaust the administrative remedies. Because Defendants have shown that Johnson failed to exhaust the available administrative remedies before he initiated this case, they are entitled to summary judgment.

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment on exhaustion grounds (Dkt. No. 24) is **GRANTED** and this case is **DISMISSED without prejudice**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on April 19, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[1] The Court concluded in the screening order that Johnson failed to state a claim in connection with allegations that a bat flew into his cell through a door that had been propped open. *See* Dkt. No. 15 at 4.

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.